**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4386

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID EARL VALENTINE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:20-cr-00535-FL-1)

Submitted:  July 29, 2024                           Decided:  October 11, 2024

Before KING and BENJAMIN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Earl Valentine appeals his upward variance sentence, asserting that the district court procedurally erred in failing to address his mitigation arguments on resentencing. We affirm.

Valentine pled guilty, without a plea agreement, to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). The district court initially found that the advisory Sentencing Guidelines imprisonment range was 70 to 87 months, based in part on the court's determination that Valentine's prior conviction of attempted common law robbery was a crime of violence. The court sentenced Valentine to 80 months' imprisonment. Valentine appealed, arguing that his prior conviction was not a crime of violence in light of *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022), and *United States v. Taylor*, 596 U.S. 845 (2022). We agreed and remanded for resentencing. *United States v. Valentine*, No. 21-4421 (4th Cir. Oct. 25, 2022) (unpublished order).

While he was awaiting resentencing, Valentine received six institutional sanctions for prison disciplinary infractions. Such infractions included refusing work assignments, threatening bodily harm, being insolent to staff, and refusing to obey an order.

At resentencing, the district court found that the Sentencing Guidelines range was 37 to 46 months of imprisonment. Valentine argued for a within-Guidelines-range sentence, asserting that: his criminal history was a result of mere immaturity;* his prison

---

* Valentine was 23 years old when he entered federal custody.

2

infractions were simply a result of adjusting to federal incarceration; and, because he had once successfully completed a period of state post-release supervision and had a high school diploma, he was ready and able to become a productive member of society. The district court found, however, that Valentine remained very dangerous and there was therefore a compelling need to protect the public from him. The court noted that, despite his prior arrests and convictions, Valentine repeatedly possessed firearms and dealt drugs. As such, the court concluded that Valentine had no respect for the law and did not respond to deterrence. And the court found meaningful Valentine's many prison disciplinary infractions. Ultimately, the court resentenced Valentine to 80 months in prison.

This appeal followed. Valentine now asserts that the district court procedurally erred in failing to address his arguments for a within-Guidelines-range sentence.

We "review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). "A district court is required to provide an individualized assessment based on the facts before the court, and to explain adequately the sentence imposed to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (internal quotation marks omitted). "The adequacy of the sentencing court's explanation depends on the complexity of each case and the facts and arguments presented." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). Generally, an "explanation is sufficient if it, although somewhat briefly, outlines the defendant's

3

particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments" in mitigation. *See United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017) (cleaned up). "The court's explanation should set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (cleaned up).

In explaining the chosen sentence, the "court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why it has rejected those arguments." *United States v. Webb*, 965 F.3d 262, 270 (4th Cir. July 13, 2020) (cleaned up). While "it is sometimes possible to discern a sentencing court's rationale from the context surrounding its decision," we "may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence." *United States v. Ross*, 912 F.3d 740, 745 (4th Cir. 2019) (internal quotation marks omitted). Nor may we "assume that the court has silently adopted arguments presented by a party." *United States v. Nance*, 957 F.3d 204, 214 (4th Cir. 2020) (internal quotation marks omitted). Where the court fully addresses the defendant's "central thesis" in mitigation, it need not "address separately each supporting data point marshalled on its behalf." *Id.* Similarly, we "will not vacate [a] sentence simply because the [district] court did not spell out what the context of its

4

explanation made patently obvious." *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006).

Finally, when a district court varies upward, it must provide specific, detailed, and compelling reasons for doing so based on the sentencing factors in 18 U.S.C. § 3553(a). *See United States v. Lewis,* 606 F.3d 193, 201 (4th Cir. 2010); *United States v. Rivera-Santana,* 668 F.3d 95, 104 (4th Cir. 2012). "[A] major departure should be supported by a more significant justification than a minor one." *Gall*, 552 U.S. at 50. Nevertheless, a district court's decision to vary upward based on the § 3553(a) factors is still entitled to due deference. *Id*. at 51.

Here, although the district court did not address Valentine's arguments specifically, it clearly considered their central thesis. *See Montes-Pineda*, 445 F.3d at 381; *Nance*, 957 F.3d at 214. Valentine broadly argued that he is a changed man who has put his past mistakes behind him and is ready to be a productive member of society. The court found, however, that his recidivism and prison disciplinary infractions painted a different picture. It found that Valentine remained very dangerous and had no respect for the law. And it noted an immense need to protect the public from him. Moreover, the district court's explanation—which emphasized Valentine's history and characteristics as well as the policy justifications for the sentence imposed—is procedurally sufficient to support the upward variant sentence.

In addition, the Government asserts that any procedural error was harmless. To succeed in this argument, the Government "must prove that the error did not have a

5

substantial and injurious effect or influence on the result." *Ross*, 912 F.3d at 745 (internal quotation marks omitted). In other words, the Government must show that Valentine did not receive a longer sentence because of the district court's failure to specifically articulate its consideration his nonfrivolous arguments. Here, the Government contends that Valentine's arguments were weak; explicit discussion of them would therefore not have persuaded the district court to impose a lower sentence.

In *United States v. Boulware*, 604 F.3d 832, 839-40 (4th Cir. 2010), we found the district court's error harmless because the court explained that it had considered the sentencing factors, "emphasized the need for specific and general deterrence," and determined that the defendant's arguments were "very weak." Similarly here, Valentine's arguments were quite weak. First, his argument that his past mistakes were merely a result of immaturity was belied by the egregious nature of his criminal history. Second, his prison infractions cannot be explained away as symptoms of a bumpy adjustment to federal incarceration, as Valentine was transferred to federal custody in December 2020 yet continued to commit infractions as late as April 2023. Similarly unavailing are his arguments that he is ready to become a productive member of society given that he has a high school diploma and successfully completed one period of supervised release. Notably, most of Valentine's criminal history arose *after* he graduated from high school. During that time, Valentine had a high school diploma, yet consistently returned to selling drugs even after multiple arrests and convictions. In short, even if the district court erred in failing to sufficiently address Valentine's mitigation arguments, any error was harmless.

6

Accordingly, we affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*